UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**F I L E D**

APR 2 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| SEAN GSCHWIND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: **08 C 5 0 0 68** |
| ) | |
| L & P FINANCIAL ADJUSTERS ) | Judge Kapala |
| INCORPORATED ) | |
| d/b/a LOU HARRIS & COMPANY, ) | |
| an Illinois Corporation ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES PLAINTIFF, SEAN GSCHWIND, and Complaining against the DEFENDANT, L & P FINANCIAL ADJUSTERS INCORPORATED d/b/a LOU HARRIS & COMPANY, an Illinois Corporation, states as follows:

1.    The following complaint arises from violations of the Fair Debt Collection Practices Act, [15 U.S.C. § 1692 *et seq*] (herein FDCPA), Fair Credit Reporting Act, [15 U.S.C. § 1681 *et seq*], (herein FCRA), the Illinois Collection Agency Act, [225A ICLS 425 *et seq*], (herein ICAA), and the Telephone Consumer Protection Act (TCPA) [47 U.S.C. § 227 *et seq*] (herein TCPA).

2.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p which states that action may be brought in "any appropriate United States District Court without regard to the amount in controversy."

3.    The venue is proper before this Court because the infractions occurred in McHenry County at the PLAINTIFF'S place of residence.

4.    PLAINTIFF is a natural person and resident of the State of Illinois. PLAINTIFF is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c), a "person" and

"debtor" as defined by 225A ICLS 425/2, and a "person or entity" as defined by 47 U.S.C. § 227b(3).

5.    Upon information and belief, DEFENDANT,  Lou Harris Company, is a corporation authorized to do business in the State of Illinois, and is a "person" as defined in 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(b), a "collection agency" and "person" as defined by 225A ICLS 425/2, and a "person" and "defendant" as defined by 47 U.S.C. § 227b(3).

6.    The FDCPA 15 U.S.C. § 1692k(a)(3) and FCRA 15 U.S.C. § 1681n 15 U.S.C. § 1681o provide for the payment of costs and attorney's fees related to the enforcement of its provisions.

7.    PLAINTIFF is entitled to and hereby requests a trial by jury.  US Const. amend. 7. F.R.Cv.P. 38.

## COUNT 1:  DEFENDANT HAS COMMITTED MULTIPLE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) [15 U.S.C. §1692 et seq] WITH RESPECT TO DEFENDANT'S COLLECTION ACCOUNT NUMBER 181419.

8.    On or about April 20, 2007, PLAINTIFF received a debt collection letter from DEFENDANT, referencing account # 181419, a client named "SURGICAL REFERRAL SERV", and an amount due of $369.20.  (See PLAINTIFF'S exhibit #1).

9.    The letter referenced in PLAINTIFF'S exhibit #1 violated the FDCPA 15 U.S.C. § 1692e and § 1692f by only listing a total amount due and failing to itemize the various charges that comprised the total amount of the debt it was attempting to collect.  "debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs." *Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber*, USCA-02-C-0072, 7th Circuit Court, Sept 2004.

10.    On or about April 25, 2007, PLAINTIFF sent DEFENDANT a letter requesting that DEFENDANT provide PLAINTIFF with proper debt validation, as defined by the FDCPA, for account # 181419.  This letter was via certified mail, return receipt, article #: 7004 2510 0007 1186 3544, and was received and signed for by DEFENDANT on April 30, 2007.  (See PLAINTIFF'S exhibit #2).

11.    On or about July 10, 2007, PLAINTIFF received another debt collection letter from DEFENDANT, referencing account # 181419, a client named "SURGICAL REFERRAL SERV", and an amount due of $369.20.  (See PLAINTIFF'S exhibit #3).

12.    The letter referenced in PLAINTIFF'S exhibit #3 included the statement "SILENCE IS GOLDEN!! DON'T YOU BELIEVE IT!!  Your silence will probably be very costly to you."

13.    The letter referenced in PLAINTIFF'S exhibit #3 violated the FDCPA 15 U.S.C. § 1692e and § 1692f by only listing a total amount due and failing to itemize the various charges that comprised the total amount of the debt it was attempting to collect.  "debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs." *Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber*, USCA-02-C-0072, 7th Circuit Court, Sept 2004.

14.    The letter referenced in PLAINTIFF'S exhibit #3 states that PLAINTIFF was being silent with respect to account # 181419 when, in fact, PLAINTIFF had formally disputed the debt with DEFENDANT (See PLAINTIFF'S exhibit #2).  Therefore the letter referenced in PLAINTIFF'S exhibit #4 violated the FDCPA 15 U.S.C. § 1692e by using "false, deceptive, or misleading representation[s] or means to collect a debt." *McMillan v. Collection Professionals, Inc.*, USCA-05-2745, 7th Circuit Court, July 2006.

15.    On or about July 17, 2007, PLAINTIFF received another debt collection letter from DEFENDANT, referencing account # 181419, a client named "SURGICAL REFERRAL SERV", and an amount due of $369.20.  (See PLAINTIFF'S exhibit #4).

16.    The letter referenced in PLAINTIFF'S exhibit #4 included the statement "SILENCE IS GOLDEN!! DON'T YOU BELIEVE IT!!  Your silence will probably be very costly to you."

17.    The letter referenced in PLAINTIFF'S exhibit #4 violated the FDCPA 15 U.S.C. § 1692e and § 1692f by only listing a total amount due and failing to itemize the various charges that comprised the total amount of the debt in was attempting to collect.  "debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs." *Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber*, USCA-02-C-0072, 7th Circuit Court, Sept 2004.

18.    The letter referenced in PLAINTIFF'S exhibit #4 states that PLAINTIFF was being silent with respect to account # 181419 when, in fact, PLAINTIFF had formally disputed the debt with DEFENDANT (See PLAINTIFF'S exhibit #2). Therefore the letter referenced in PLAINTIFF'S exhibit #5 violated the FDCPA 15 U.S.C. § 1692e by using "false, deceptive, or misleading representation[s] or means to collect a debt." *McMillan v. Collection Professionals, Inc.*, USCA-05-2745, 7th Circuit Court, July 2006.

## COUNT 2:  DEFENDANT HAS COMMITTED MULTIPLE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) [15 U.S.C. §1692 et seq] WITH RESPECT TO DEFENDANT'S COLLECTION ACCOUNT NUMBER 181757.

1-18: PLAINTIFF readopts and re-alleges paragraphs one (1) through eighteen (18) of count 1 above as stated.

19.    On or about May 5, 2007, PLAINTIFF received a debt collection letter from DEFENDANT, referencing account # 181757, a client named "VETERINARY MEDICAL REF", and an amount due of $802.68.  (See PLAINTIFF'S exhibit #5).

20.    The letter referenced in PLAINTIFF'S exhibit #5 violated the FDCPA 15 U.S.C. § 1692e and § 1692f by only listing a total amount due and failing to itemize the various charges that comprised the total amount of the debt it was attempting to collect.  "debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs." *Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber*, USCA-02-C-0072, 7th Circuit Court, Sept 2004.

21.    On or about May 11, 2007, PLAINTIFF sent DEFENDANT a letter requesting that DEFENDANT provide PLAINTIFF with proper debt validation, as defined by the FDCPA, for account # 181757. This letter was sent via certified mail, return receipt, article #: 7004 2510 0007 1186 3551, and was received and signed for by DEFENDANT on May 15, 2007.  (See PLAINTIFF'S exhibit #6).

22.    PLAINTIFF received DEFENDANT'S response to PLAINTIFF'S request for debt validation letter on or about May 17, 2007.  (See PLAINTIFF'S exhibit #7).

23.    DEFENDANT'S response to PLAINTIFF'S request for debt validation letter for account number 181757 included a client named "IMAGING CENTER FOR ANI".  (See PLAINTIFF'S exhibit #7).  This was not the same client name listed in the DEFENDANT'S

original debt collection letter for account number 181757 received by PLAINTIFF on or about May 5, 2007 (See PLAINTIFF'S exhibit #5).

24.    DEFENDANT'S response to PLAINTIFF'S request for debt validation letter for account number 181757 failed to include proof of either ownership or assignment of the alleged debt comprising account number 181757, and thus proof of DEFENDANT'S right to collect the alleged debt, as requested in PLAINTIFF'S request for debt validation letter for account number 181757. (See PLAINTIFF'S exhibit #6).

25.    "if requested by the account debtor, an assignee shall seasonably furnish reasonable proof that the assignment has been made." 810 ILCS 5/9-406(c).

26.    "Information relating to the purchase of a bad debt is not proprietary or burdensome." *Coppola v. Arrow Financial Services*, 302CV577, 2002 WL 32173704 (D. Conn., Oct. 29, 2002).

27.    DEFENDANT'S response to PLAINTIFF'S request for debt validation letter for account number 181757 did not constitute proper debt validation as defined by the FDCPA U.S.C. § 1692g(b) because it included a false client/original creditor name.

28.    DEFENDANT'S response to PLAINTIFF'S request for debt validation letter for account number 181757 did not constitute proper debt validation as defined by the FDCPA U.S.C. § 1692g(b) because it failed to include proof of either ownership or assignment of the alleged debt comprising account number 181757.

29.    By including a false client/original creditor name, DEFENDANT'S response to PLAINTIFF'S request for debt validation letter violated the FDCPA 15 U.S.C. § 1692e(2)(A) for "attempting to hide the character, amount or legal status of the alleged debt."

30.    By including a false client/original creditor name, DEFENDANT'S response to PLAINTIFF'S request for debt validation letter violated the FDCPA 15 U.S.C. § 1692e(10) for "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

31.    By including a false client/original creditor name, DEFENDANT'S response to PLAINTIFF'S request for debt validation letter violated 15 USC 1692f, by "using unfair or unconscionable means to collect or attempt to collect any debt."

32.    At the time DEFENDANT received PLAINTIFF'S request for debt validation letter for account number 181757, DEFENDANT was required under FDCPA 15 U.S.C. §

1692g(b) to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt."

33.    The reporting of a collection tradeline with a credit reporting agency is considered continued collection activity. *Boatley v Diem* No. CIV 03-0762 United States District Court for the District of Arizona, 2004.

34.    On or about July 2007, DEFENDANT began reporting a collection tradeline in PLAINTIFF'S TransUnion credit file regarding DEFENDANT'S account number 181757. (See PLAINTIFF'S exhibit #8).

35.    On or about July 2007, DEFENDANT began reporting a collection tradeline in PLAINTIFF'S Experian credit file regarding DEFENDANT'S account number 181757.  (See PLAINTIFF'S exhibit #9).

36.    By failing to provide proper debt validation for account number 181757 as defined by FDCPA 15 U.S.C. § 1692g(b), and then reporting a collection tradeline to PLAINTIFF'S TransUnion credit file regarding DEFENDANT'S account number 181757, DEFENDANT violated the FDCPA 15 U.S.C. § 1692g(b) for failing to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt".

37.    By failing to provide proper debt validation for account number 181757 as defined by FDCPA 15 U.S.C. § 1692g(b), and then reporting a collection tradeline to PLAINTIFF'S Experian credit file regarding DEFENDANT'S account number 181757, DEFENDANT violated the FDCPA 15 U.S.C. § 1692g(b) for failing to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt".

38.    By failing to provide proper debt validation for account number 181757 as defined by FDCPA 15 U.S.C. § 1692g(b), and then reporting a collection tradeline to PLAINTIFF'S TransUnion credit file regarding DEFENDANT'S account number 181757, DEFENDANT violated FDCPA 15 U.S.C. § 1692e(8) by "Communicating or threatening to communicate to any person credit information which is known or which should be known to be False".

39.    By failing to provide proper debt validation for account number 181757 as defined by FDCPA 15 U.S.C. § 1692g(b), and then reporting a collection tradeline to PLAINTIFF'S Experian credit file regarding DEFENDANT'S account number 181757, DEFENDANT violated FDCPA 15 U.S.C. § 1692e(8) by "Communicating or threatening to

communicate to any person credit information which is known or which should be known to be False".

40.    By failing to provide proper debt validation for account number 181757 as defined by FDCPA 15 U.S.C. § 1692g(b), and then reporting a collection tradeline to PLAINTIFF'S TransUnion credit file regarding DEFENDANT'S account number 181757, DEFENDANT violated FDCPA 15 U.S.C. § 1692e(10) by "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer".

41.    By failing to provide proper debt validation for account number 181757 as defined by FDCPA 15 U.S.C. § 1692g(b), and then reporting a collection tradeline to PLAINTIFF'S Experian credit file regarding DEFENDANT'S account number 181757, DEFENDANT violated FDCPA 15 U.S.C. § 1692e(10) by "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer".

42.    By failing to provide proper debt validation for account number 181757 as defined by FDCPA 15 U.S.C. § 1692g(b), and then reporting a collection tradeline to PLAINTIFF'S TransUnion credit file regarding DEFENDANT'S account number 181757, DEFENDANT violated the FDCPA 15 USC 1692f, by "using unfair or unconscionable means to collect or attempt to collect any debt."

43.    By failing to provide proper debt validation for account number 181757 as defined by FDCPA 15 U.S.C. § 1692g(b), and then reporting a collection tradeline to PLAINTIFF'S Experian credit file regarding DEFENDANT'S account number 181757, DEFENDANT violated the FDCPA 15 USC 1692f, by using "unfair or unconscionable means to collect or attempt to collect any debt."

44.    On or about July 11, 2007, PLAINTIFF received another debt collection letter from DEFENDANT, referencing account # 181757, with an amount due of $802.68.  (See PLAINTIFF'S exhibit #10).

45.    The letter referenced in PLAINTIFF'S exhibit #10 included the statement "SILENCE IS GOLDEN!! DON'T YOU BELIEVE IT!!  Your silence will probably be very costly to you."

46.    The letter referenced in PLAINTIFF'S exhibit #10 violated the FDCPA 15 U.S.C. § 1692e and § 1692f by only listing a total amount due and failing to itemize the various

charges that comprised the total amount of the debt. "debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs." *Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber*, USCA-02-C-0072, 7th Circuit Court, Sept 2004.

47.    The letter referenced in PLAINTIFF'S exhibit #10 states that PLAINTIFF was being silent with respect to account # 181757 when, in fact, PLAINTIFF had formally disputed the debt with DEFENDANT on May 11, 2007 (See PLAINTIFF'S exhibit #6). Therefore the letter referenced in PLAINTIFF'S exhibit #10 violated the FDCPA 15 U.S.C. § 1692e by using "false, deceptive, or misleading representation[s] or means to collect a debt." *McMillan v. Collection Professionals, Inc.*, USCA-05-2745, 7th Circuit Court, July 2006.

## COUNT 3:  DEFENDANT HAS COMMITTED MULTIPLE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) [15 U.S.C. §1692 et seq] WITH RESPECT TO DEFENDANT'S COLLECTION ACCOUNT NUMBER 184288.

1-47: PLAINTIFF readopts and re-alleges paragraphs one (1) through forty-seven (47) of counts 1 and 2 above as stated.

48.    On April 2, 2008, PLAINTIFF checked his TransUnion credit report and saw DEFENDANT was reporting a tradeline referencing account number 184288, a client named "MED1 02 VSC EMERGENCY CRITICAL CARE", and an amount due of $4,118.00, and a "date placed for collection" of 08/2007. (See PLAINTIFF'S exhibit #11).

49.    On April 2, 2008, PLAINTIFF checked his Experian credit report and saw DEFENDANT was reporting a tradeline referencing account # 184288, a client named "VSC EMERGENCY CRITICAL CARE", and an amount due of $4,118.00, with a "date opened" of 08/2007. (See PLAINTIFF'S exhibit #12).

50.    DEFENDANT did not send PLAINTIFF any notification whatsoever regarding the fact that it had acquired the alleged debt referenced in DEFENDANT'S account number 184288.

51.    DEFENDANT violated 15 U.S.C. §1692g when DEFENDANT failed to send PLAINTIFF a 30-day validation notice regarding DEFENDANT'S account number 184288.

52.    PLAINTIFF had previously disputed each of the alleged debts referenced in DEFENDANT'S account numbers 181419, 181757 and 184288 in writing with the original

creditor, via certified mail, return receipt, article #: 7006 0100 0006 4726 2726.    (See PLAINTIFF'S exhibit #13).

53.    PLAINTIFF had previously disputed each of the alleged debts referenced in DEFENDANT'S account numbers 181419, 181757 directly with DEFENDANT.    (See PLAINTIFF'S exhibit #2 and #6).

54.    DEFENDANT'S tradeline referencing account number 184288 in PLAINTIFF'S TransUnion credit report does not indicate that the debt is disputed by the consumer.    (See PLAINTIFF'S exhibit #11).

55.    DEFENDANT'S tradeline referencing account number 184288 in PLAINTIFF'S Experian credit report does not indicate that the debt is disputed by the consumer.    (See PLAINTIFF'S exhibit #12).

56.    "The plain language of 15 U.S.C. §1692e(8) requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed. *See* 15 U.S.C. §1692e(8). This 'knows or should know' standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired." *Brady v. Credit Recovery Corp.*, USCA-98-1497, 1st Circuit Court, November 1998.

57.    In light of DEFENDANT'S decision not to notify PLAINTIFF of its acquisition of the debt referenced in DEFENDANT'S account number 184288 (usually done via a "dunning letter"), and instead simply report DEFENDANT'S account number 184288 to PLAINTIFF'S Experian and TransUnion credit files, and given the fact that PLAINTIFF had previously submitted multiple written disputes regarding the alleged debts with both the original creditor and DEFENDANT, DEFENDANT either knew of should have known the debt referenced in DEFENDANT'S account number 184288 was also disputed by PLAINTIFF. However DEFENDANT failed to note the disputed status of DEFENDANT'S tradeline for account number 184288 in either PLAINTIFF'S TransUnion or Experian credit files.

58.    By failing to note the disputed status of DEFENDANT'S tradeline for account number 184288 in PLAINTIFF'S TransUnion credit file, DEFENDANT violated 15 U.S.C. §1692e(8), specifically "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed".

59.     By failing to note the disputed status of DEFENDANT'S tradeline for account number 184288 in PLAINTIFF'S Experian credit file, DEFENDANT violated 15 U.S.C. §1692e(8), specifically "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed".

## COUNT 4:  DEFENDANT HAS COMMITTED MULTIPLE VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) [15 U.S.C. §1681 et seq] WITH RESPECT TO DEFENDANT'S COLLECTION ACCOUNT NUMBER 181757.

1-59: PLAINTIFF readopts and re-alleges paragraphs one (1) through fifty-nine (59) of counts 1-3 above as stated.

60.     On or about July 26, 2007, PLAINTIFF disputed DEFENDANT'S collection tradeline for account # 181757 with TransUnion, stating DEFENDANT had failed to provide proper debt validation as defined by the FDCPA and thus was prohibited from reporting a collection tradeline in PLAINTIFF'S credit file. (See PLAINTIFF'S exhibit #14).

61.     On or about July 26, 2007, PLAINTIFF disputed DEFENDANT'S collection tradeline for account # 181757 with Experian, stating DEFENDANT had failed to provide proper debt validation as defined by the FDCPA and thus was prohibited from reporting a collection tradeline in PLAINTIFF'S credit file. (See PLAINTIFF'S exhibit #15).

62.     On or about August 27, 2007, PLAINTIFF received a response from TransUnion with respect to PLAINTIFF'S dispute of DEFENDANT'S collection tradeline for account #181757. The results of TransUnion's investigation into PLAINTIFF'S dispute was listed as "verified, no change". (See PLAINTIFF'S exhibit #16).

63.     On or about August 27, 2007, PLAINTIFF received a response from Experian with respect to PLAINTIFF'S dispute of DEFENDANT'S collection tradeline for account #181757. The results of Experian's investigation into PLAINTIFF'S dispute was listed as "the credit grantor has verified its accuracy". (See PLAINTIFF'S exhibit #17).

64.     After DEFENDANT failed to provide PLAINTIFF with proper debt validation as requested, and then reported to and verified the status of DEFENDANT'S collection trade line regarding account number 181757 with TransUnion, DEFENDANT violated 15 U.S.C. § 1681s-2(b).

65.    After DEFENDANT failed to provide PLAINTIFF with proper debt validation as requested, and then reported to and verified the status of DEFENDANT'S collection trade line regarding account number 181757 with Experian, DEFENDANT violated 15 U.S.C. § 1681s-2(b).

## COUNT 5: DEFENDANT HAS COMMITTED MULTIPLE VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT (ICAA) [225A ICLS 425 et seq] WITH RESPECT TO DEFENDANT'S COLLECTION ACCOUNT NUMBER 181419.

1-65:  PLAINTIFF readopts and re-alleges paragraphs one (1) through sixty-five (65) of counts 1-4 above as stated.

66.    By failing to outline all charges that comprised the "amount due", DEFENDANT'S April 20, 2007 collection letter regarding account number 181419 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #1).

67.    By failing to outline all charges that comprised the "amount due", DEFENDANT'S July 10, 2007 collection letter regarding account number 181419 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #3).

68.    By containing a false statement that PLAINTIFF had been silent regarding account number 181419, DEFENDANT'S July 10, 2007 collection letter regarding account number 181419 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #3).

69.    By failing to outline all charges that comprised the "amount due", DEFENDANT'S July 17, 2007 collection letter regarding account number 181419 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #4).

70.    By containing a false statement that PLAINTIFF had been silent regarding account number 181419, DEFENDANT'S July 17, 2007 collection letter regarding account

number 181419 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #4).

## COUNT 6:  DEFENDANT HAS COMMITTED MULTIPLE VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT (ICAA) [225A ICLS 425 et seq] WITH RESPECT TO DEFENDANT'S COLLECTION ACCOUNT NUMBER 181757.

1-70:  PLAINTIFF readopts and re-alleges paragraphs one (1) through seventy (70) of counts 1-5 above as stated.

71.     By failing to outline all charges that comprised the "amount due", DEFENDANT'S May 4, 2007 collection letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist." (See PLAINTIFF'S exhibit #5).

72.     By failing to outline all charges that comprised the "amount due", DEFENDANT'S May 4, 2007 collection letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #5).

73.     By including a false client/original creditor name, DEFENDANT'S May 15, 2007 response to PLAINTIFF'S request for debt validation letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist." (See PLAINTIFF'S exhibit #7).

74.     By including a false client/original creditor name, DEFENDANT'S May 15, 2007 response to PLAINTIFF'S request for debt validation letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #7).

75.     By engaging in continued collection activity after failing to provide proper debt validation, DEFENDANT'S July 10, 2007 collection letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a

right or remedy with knowledge or reason to know that the right or remedy does not exist." (See PLAINTIFF'S exhibit #10).

76.    By engaging in continued collection activity after failing to provide proper debt validation, DEFENDANT'S July 10, 2007 collection letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #10).

77.    By including a false client/original creditor name, DEFENDANT'S July 10, 2007 collection letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist." (See PLAINTIFF'S exhibit #10).

78.    By including a false client/original creditor name, DEFENDANT'S July 10, 2007 collection letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #10).

79.    By containing a false statement that PLAINTIFF had been silent regarding account number 181757, DEFENDANT'S July 10, 2007 collection letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #10).

80.    By failing to provide proper debt validation, and then stating "Your credit record is being computerized and will become available nationally to some of the following credit grantors:", DEFENDANT'S July 10, 2007 collection letter for account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(13), by "disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false." (See PLAINTIFF'S exhibit #10).

81.    By including a false client/original creditor name, and stating "Your credit record is being computerized and will become available nationally to some of the following credit grantors:", DEFENDANT'S July 10, 2007 collection letter regarding account number 181757 violated the ICAA, 225A ICLS 425 Sec. 9. (a)(13), by "disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false." (See PLAINTIFF'S exhibit #10).

82.    By reporting to TransUnion, and then verifying the false status of the collection tradeline regarding account number 181757 with TransUnion, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(13), by "disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false." (See PLAINTIFF'S exhibit #16).

83.    By reporting to TransUnion, and then verifying the false status of the collection tradeline regarding account number 181757 with TransUnion, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist." (See PLAINTIFF'S exhibit #16).

84.    By reporting to TransUnion, and then verifying the false status of the collection tradeline regarding account number 181757 with TransUnion, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #16).

85.    By reporting to Experian, and then verifying the false status of the collection tradeline regarding account number 181757 with Experian, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(13), by "disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false." (See PLAINTIFF'S exhibit #17).

86.    By reporting to Experian, and then verifying the false status of the collection tradeline regarding account number 181757 with Experian, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist." (See PLAINTIFF'S exhibit #17).

87.    By reporting to Experian, and the verifying the false status of the collection tradeline regarding account number 181757 with Experian, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #17).

**COUNT 7:  DEFENDANT HAS COMMITTED MULTIPLE VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT (ICAA) [225A ICLS 425 et seq] WITH RESPECT TO DEFENDANT'S COLLECTION ACCOUNT NUMBER 184288.**

1-87:  PLAINTIFF readopts and re-alleges paragraphs one (1) through eighty-seven (87) of counts 1-6 above as stated.

88.    By failing to send PLAINTIFF a 30-day validation notice regarding account number 184288, and then reporting a tradeline regarding account number 184288 to PLAINTIFF'S TransUnion credit file, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(13), by "disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false."  (See PLAINTIFF'S exhibit #11).

89.    By failing to send PLAINTIFF a 30-day validation notice regarding account number 184288, and then reporting a tradeline regarding account number 184288 to PLAINTIFF'S TransUnion credit file, DEFENDANT violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist."  (See PLAINTIFF'S exhibit #11).

90.    By failing to send PLAINTIFF a 30-day validation notice regarding account number 184288, and then reporting a tradeline regarding account number 184288 to PLAINTIFF'S TransUnion credit file, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public."  (See PLAINTIFF'S exhibit #11).

91.    By failing to send PLAINTIFF a 30-day validation notice regarding account number 184288, and then reporting a tradeline regarding account number 184288 to PLAINTIFF'S Experian credit file, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(13), by "disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false."  (See PLAINTIFF'S exhibit #12).

92.    By failing to send PLAINTIFF a 30-day validation notice regarding account number 184288, and then reporting a tradeline regarding account number 184288 to PLAINTIFF'S Experian credit file, DEFENDANT violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist."  (See PLAINTIFF'S exhibit #12).

93.    By failing to send PLAINTIFF a 30-day validation notice regarding account number 184288, and then reporting a tradeline regarding account number 184288 to PLAINTIFF'S Experian credit file, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #12).

94.    By failing to note the disputed status of account number 184288 in PLAINTIFF'S TransUnion credit file, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(13), by "disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false." (See PLAINTIFF'S exhibit #11).

95.    By failing to note the disputed status of account number 184288 in PLAINTIFF'S TransUnion credit file, DEFENDANT violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist." (See PLAINTIFF'S exhibit #11).

96.    By failing to note the disputed status of account number 184288 in PLAINTIFF'S TransUnion credit file, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #11).

97.    By failing to note the disputed status of account number 184288 in PLAINTIFF'S Experian credit file, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(13), by "disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false." (See PLAINTIFF'S exhibit #12).

98.    By failing to note the disputed status of account number 184288 in PLAINTIFF'S Experian credit file, DEFENDANT violated the ICAA, 225A ICLS 425 Sec. 9. (a)(20), by "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist." (See PLAINTIFF'S exhibit #12).

99.    By failing to note the disputed status of account number 184288 in PLAINTIFF'S Experian credit file, DEFENDANT has violated the ICAA, 225A ICLS 425 Sec. 9. (a)(31), by "engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." (See PLAINTIFF'S exhibit #12).

## COUNT 8:  DEFENDANT HAS KNOWINGLY AND WILLFULLY VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) [47 U.S.C. §227 et seq].

1-99:  PLAINTIFF readopts and re-alleges paragraphs one (1) through ninety-nine (99) of counts 1-7 above as stated.

100.    On or about April 25, 2007, PLAINTIFF sent DEFENDANT a request for debt validation letter regarding account #181419, wherein PLAINTIFF expressly instructed DEFENDANT not to contact PLAINTIFF at his home.  (See PLAINTIFF'S exhibit #2).

101.    PLAINTIFF'S home telephone is a cellular telephone.

102.    The TCPA, 15 U.S.C. § 227b(1)(A), prohibits any person to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

103.    On May 10, 2007, at 6:24 PM, DEFENDANT knowingly and willfully violated the TCPA, 15 U.S.C. § 227b(1)(A), when, despite being explicitly instructed not to contact PLAINTIFF at his home, DEFENDANT used an automated or predictive dialer to dial PLAINTIFF'S home cellular telephone number.  (See PLAINTIFF'S exhibit #18).

## COUNT 9:  DEFENDANT'S ACTIONS HAVE LED TO DEFAMATION OF PLAINTIFF'S CHARACTER

1-103:  PLAINTIFF readopts and re-alleges paragraphs one (1) through one-hundred three (103) of counts 1-8 above as stated.

104.    On or about April 17, 2008, PLAINTIFF received notice from Allstate, the insurer of PLAINTIFF'S home, that PLAINTIFF'S credit-based insurance score had been adversely affected by DEFENDANT'S tradelines as they appeared in PLAINTIFF'S TransUnion credit report.  (See PLAINTIFF'S exhibit #19).

105.    As a result of this adverse effect, Allstate increased PLAINTIFF'S renewal premium by 38% over the previous year's premium, even though PLAINTIFF never had a claim filed with his homeowner's insurance.

106.    PLAINTIFF'S FICO score has been lowered as a result of DEFENDANT'S unlawful reporting of its tradelines to PLAINTIFF'S credit reports.

## COUNT 10:  DEFENDANT HAS COMMITTED MULTIPLE WILLFUL AND NEGLEGENT VIOLATIONS OF THE FCRA

1-106: PLAINTIFF readopts and re-alleges paragraphs one (1) through one-hundred six (106) of counts 1-9 above as stated.

107.    The DEFENDANT'S inaccurate reporting of its tradelines in both PLAINTIFF'S TransUnion and Experian credit reports remains unchanged.  (See PLAINTIFF'S exhibit #11 and #12).

108.    By continuing to report its tradelines, DEFENDANT continues to defame PLAINTIFF'S character and has consciously and recklessly disregarded as well as deliberately and purposefully violated PLAINTIFF'S rights under the FCRA and is therefore in willful and negligent violation of the FCRA.

109.    15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the FCRA detail procedures and damages available to consumers pursuant to willful and negligent non-compliance.

**WHEREFORE**, the PLAINTIFF, Sean Gschwind prays that this court:

1. Enter judgment against DEFENDANT, L & P FINANCIAL ADJUSTERS INCORPORATED d/b/a LOU HARRIS & COMPANY, for

2. $1,000.00 damages pursuant to FDCPA violations regarding account number 181419 as outlined in paragraphs 9, 13, 14, 17 and 18, plus

3. $1,000.00 damages pursuant to FDCPA violations regarding account number 181757 as outlined in paragraphs 20, 29-31, 36-43, 46 and 47, plus

4. $1,000.00 damages pursuant to FDCPA violations regarding account number 184288 as outlined in paragraphs 51, 58 and 59, plus

5. $1,000.00 damages pursuant to FCRA violations regarding account number 181757 as outlined in paragraph 64, plus

6. $1,000.00 damages pursuant to FCRA violations regarding account number 181757 as outlined in paragraph 65, plus

7. $1,000.00 damages pursuant to ICAA violations regarding account number 181419 as outlined in paragraphs 66-70, plus

8. $1,000.00 damages pursuant to ICAA violations regarding account number 181757 as outlined in paragraphs 71-87, plus

9. $1,000.00 damages pursuant to ICAA violations regarding account number 184288 as outlined in paragraphs 88-99, plus

10. $500.00 damages pursuant to the TCPA violation outlined in paragraph 103, plus

11. $1,000.00 additional damages under the TCPA for DEFENDANT willfully and knowingly violating the TCPA as outlined in paragraph 103, plus

12. $143.19 damages pursuant to the increase in homeowner's insurance premium PLAINTIFF has experienced as a result of DEFENDANT defaming the character of the PLAINTIFF as outlined in paragraph 104-106, plus

13. $25,000.00 punitive damages for DEFENDANT defaming the character of the PLAINTIFF as outlined in paragraph 104-106, plus

14. $25,000.00 damages for DEFENDANT negligently and willfully violating the FCRA as outlined in paragraphs 107-109, plus

15. The costs of this lawsuit, plus

16. Attorney's fees, plus

17. Compensatory damages for emotional distress caused to PLAINTIFF by DEFENDANT, plus

18. Injunctive relief compelling DEFENDANT to immediately and permanently cease all collection activity in relation to the alleged debt, plus

19. Injunctive relief compelling DEFENDANT to remove any and all trade lines relating to this matter from PLAINTIFF'S credit files as maintained by any and all credit reporting agencies, plus

20. Injunctive relief barring DEFENDANT from re-entering any trade lines in PLAINTIFF'S credit files as maintained by any credit reporting agency, plus

21. Injunctive relief barring DEFENDANT from selling, attempting to sell, assigning or attempting to assign this alleged debt or account to any debt purchaser, collection agency or collector, plus

22. Any other and additional relief as the Court may determine to be just and proper.

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information and
belief. I understand that if this certification is not correct, I may be
subject to sanctions by the Court.

Signed this _21st_ day of _April_, 20 _08_

(Signature of Plaintiff)


Sean Gschwind

3001 Cherry Drive

Wonder Lake, IL 60097

708-707-8357

Web-business@hotmail.com

# PLAINTIFF'S EXHIBIT LIST

Exhibit 1:  First collection letter from Defendant, regarding account number 181419, dated April 19, 2007.

Exhibit 2:  Plaintiff's request for debt validation of account number 181419, dated April 25, 2007.

Exhibit 3:   Second collection letter from Defendant regarding account number 181419, dated July 10, 2007.

Exhibit 4:  Third collection letter from Defendant regarding account number 181419, dated July 17, 2007.

Exhibit 5:  First collection letter from Defendant, regarding account number 181757, dated May 4, 2007.

Exhibit 6:  Plaintiff's request for debt validation regarding account number 181757, dated May 11, 2007.

Exhibit 7:  Defendant's response to Plaintiff's May 11, 2007 request for debt validation regarding account number 181757, dated May 15, 2007.

Exhibit 8:  Defendant's tradelines as listed in Plaintiff's Transunion credit report as of July 2007.

Exhibit 9:  Defendant's tradelines as listed in Plaintiff's Experian credit report as of July 2007.

Exhibit 10:  Second collection letter from Defendant regarding account number 181757, dated July 10, 2007.

Exhibit 11:  Defendant's tradelines as listed in Plaintiff's Transunion credit report as of April 2, 2008.

Exhibit 12:  Defendant's tradelines as listed in Plaintiff's Experian credit report as of April 2, 2008.

Exhibit 13:  Plaintiff's dispute with the original creditor, dated January 22, 2007.

Exhibit 14:  Plaintiff's dispute of Defendant's tradelines listed in Plaintiff's Transunion credit report, dated July 26, 2007.

Exhibit 15:  Plaintiff's dispute of Defendant's tradelines listed in Plaintiff's Experian credit report, dated July 25, 2007.

Exhibit 16: Transunion's reply to Plaintiff's July 26, 2007 dispute, dated August 27, 2007.

Exhibit 17: Experian's reply to Plaintiff's July 25, 2007 dispute, dated August 7, 2007.

Exhibit 18: Plaintiff's home cellular telephone bill dated May 29, 2007.

Exhibit 19: Plaintiff's notice from Allstate, the insurer of his home, regarding an adverse action being taken by Allstate in response to factors that lowered Plaintiff's credit-based insurance score.

# Lou Harris & Co.

(847) 291-3888 • FAX (847) 291-7366

*April 19, 2007*

613 Academy Dr
Northbrook, IL 60062-2120

**Personal & Confidential**

RETURN SERVICE REQUESTED

#BWNJHBY
#LHC1WIQA000093# /
lllllllllllllllllllllllllllllllllllllllllllllllllllll
GSCHWIND SEAN
3001 CHERRY DR
WONDER LAKE IL 60097-8601

| Our Client | : | SURGICAL REFERRAL SERV |
| ACCOUNT # | : | 181419 |
| AMOUNT DUE | : | $369.20 |

## THIS HAS BEEN SENT TO YOU
## BY A COLLECTION AGENCY

We have been retained by the above named creditor to handle collection of your delinquent account. We are giving you the opportunity to pay this delinquent account, either in person or by return mail.

This account is entirely in our hands, and all arrangements must be made at this office. Please contact us to make the necessary arrangements for payment.

Our collectors have been instructed to proceed within state and federal regulations to attempt collection of this debt.

## IMPORTANT INFORMATION. PLEASE READ BELOW.

For proper credit to your account,
All payments must be mailed to:

**LOU HARRIS & CO.**
P.O. BOX 977
NORTHBROOK, IL 60065-0977

Matt Martin
Account Rep

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

---

**PAYMENT SLIP**    Return bottom portion with your payment to ensure immediate credit to your account    **PAYMENT SLIP**

IN AN EFFORT TO HELP YOU, WE DO ACCEPT MASTERCARD, VISA, DISCOVER, AMERICAN EXPRESS. PLEASE COMPLETE THE FOLLOWING INFORMATION AND RETURN TO OUR OFFICE IN THE ENCLOSED ENVELOPE. OUR OFFICE WILL PROVIDE YOU WITH A RECEIPT.

Card Number

CHARGE MY: (Please check one)
☐ ☐ ☐ ☐ CHECK ENCLOSED

Exp Date                Name as shown on card

Amount $

Signature

Date

LOU HARRIS & CO.
PO BOX 977
NORTHBROOK, IL 60065-0977
lllllllllllllllllllllllllllllllllllllllllllllll

ACCOUNT#: 181419

Plaintiff's Exhibit
# 2

Sean Gschwind
3001 Cherry Drive
Wonder Lake, IL 60097

April 25, 2007

Via Certified Mail – Return Receipt
Article #: 7004 2510 0007 1186 3544

Lou Harris & Co.
P.O. Box 977
Northbrook, IL 60065-0977

RE: Account #: 181419

To Whom It May Concern,

This is a request for information only, tendered without prejudice, and is not a statement, election, or waiver of status, nor an admission of liability, nor is it a refusal to pay, but a notice that your claim is being disputed in its entirety.  This is a request for "validation" of this alleged debt as defined by the Fair Debt Collection Practices Act.

Be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation"; that is, competent evidence that I have some contractual obligation to pay you.

**Debt Validation Documents I Am Demanding:**

1.  A copy of the original contract that has my signature on it.
2.  Any and all documents detailing the accounting of this alleged debt (from inception to current date), including payments made, interest charged, fees charged, etc., showing how you calculated what you say I owe.
3.  An explanation of what the money you say I owe is for.
4.  Copies of any papers that show I agreed to pay what you say I owe.
5.  A verification or copy of any judgment if applicable.
6.  The identity of the original creditor.
7.  If this alleged debt was not acquired by your company directly from the original creditor, I demand the identity of the person, entity or company who previously held this account and from whom you acquired this account.
8.  Proof that the Statute of Limitations has not expired on this account.
9.  Proof that you are fully licensed and bonded to collect in my state.
10. Your license numbers and Registered Agent information.

Until such time as you provide these documents, I will take the position that this presentment is erroneous.  Failure to respond will be taken to mean that you have "acquiesced" and from that date forward the concept of "Estoppel by silence/acquiescence" shall prevail.  Your failure to respond will work as a waiver to any and all of your claims in this matter.

At this time I will also inform you that if your offices have reported invalidated information to any credit reporting repository, including but not limited to the three major Credit Bureau's (Equifax, Experian or TransUnion), that action might constitute fraud under both Federal and State Laws.  Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent, I will not hesitate in bringing legal action against you for the following:

- Violation of the Fair Credit Reporting Act
- Violation of the Fair Debt Collection Practices Act
- Violation of the Illinois Collection Agency Act
- Defamation of Character

If your offices are able to provide the proper documentation as requested, I will require at least 30 days to investigate this information, and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records, any information obtained shall be used for that purpose.


Best Regards,

Plaintiff's Exhibit
# 2

Sean Gschwind

Plaintiff's Exhibit
# 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lou Harris & Co.
PO Box 977
Northbrook, IL 60065-0977

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 4-20-0

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7004 2510 0007 1186 3544

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

*July 10, 2007*

Plaintiff's Exhibit
# 3

*615 Academy Dr.*
*Northbrook, IL 60062-2420*

**Personal & Confidential**

RETURN SERVICE REQUESTED

#BWNJHBY
#LHC1TAQA000700# *16*
հԱահահահահահահահահահահափահահահԱահ
GSCHWIND SEAN
3001 CHERRY DR
WONDER LAKE IL 60097-8601

| | | |
|---|---|---|
| Our Client | : | SURGICAL REFERRAL SERV |
| ACCOUNT # | : | 181419 |
| AMOUNT DUE | : | $369.20 |

**THIS HAS BEEN SENT TO YOU
BY A COLLECTION AGENCY**

## SILENCE IS GOLDEN!! DON'T YOU BELIEVE IT!!

Your silence will probably be very costly to you. Your credit record is being computerized and will become available nationally to some of the following credit grantors:

| | |
|---|---|
| BANKS | GOVERNMENT AGENCIES |
| AIRLINES | MORTGAGE COMPANIES |
| BANK CREDIT CARDS | JEWELRY STORES |
| DEPARTMENT STORES | HOTELS |
| FINANCE COMPANIES | MOTELS |
| FURNITURE STORES | CREDIT UNIONS |
| AUTO REPAIRS | TELEPHONE COMPANIES |
| HOSPITALS | UTILITY COMPANIES |
| MEDICAL SERVICES | REAL ESTATE MANAGEMENT COMPANIES |

To stop any further activity, *PAY THE BALANCE IMMEDIATELY* or phone our office now. You have the right to inspect your credit rating.

**IMPORTANT INFORMATION. PLEASE READ BELOW.**

For proper credit to your account,
All payments must be mailed to:

**LOU HARRIS & CO.**
P.O. BOX 977
NORTHBROOK, IL 60065-0977

Matt Martin
Account Rep

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

---

**PAYMENT SLIP**    Return bottom portion with your payment to ensure immediate credit to your account    **PAYMENT SLIP**

IN AN EFFORT TO HELP YOU, WE DO ACCEPT MASTERCARD, VISA, DISCOVER, AND AMERICAN EXPRESS. PLEASE COMPLETE THE FOLLOWING INFORMATION AND RETURN TO OUR OFFICE IN THE ENCLOSED ENVELOPE. OUR OFFICE WILL PROVIDE YOU WITH A RECEIPT

Card Number

Exp Date    Name as shown on card

Signature

Date

ACCOUNT#: 181419

CHARGE MY: (Please check one)
☐ ☐ ☐ ☐ CHECK ENCLOSED

Amount $

LOU HARRIS & CO.
PO BOX 977
NORTHBROOK, IL 60065-0977
հԱահահահահահահահահահահահահԱահահ

# Lou Harris & Co.

(847) 291-3888 ◆ FAX (847) 291-7366

July 17, 2007

Plaintiff's Exhibit
# 4

613 Academy Dr.
Northbrook, IL 60062-2420

**Personal & Confidential**

RETURN SERVICE REQUESTED

#BWNJHBY
#LHC1THQA0001D1# 16
lllllllllllllllllllllllllllllllllllllllll
GSCHWIND SEAN
3001 CHERRY DR
WONDER LAKE IL 60097-8601

| | | |
|---|---|---|
| Our Client | : | SURGICAL REFERRAL SERV |
| ACCOUNT # | : | 181419 |
| AMOUNT DUE | : | $369.20 |

## THIS HAS BEEN SENT TO YOU
## BY A COLLECTION AGENCY

### ►  SILENCE IS GOLDEN!! DON'T YOU BELIEVE IT!!

...ably be very costly to you. Your credit record is being computerized and will become available
f the following credit grantors:

| | |
|---|---|
| BANKS | GOVERNMENT AGENCIES |
| AIRLINES | MORTGAGE COMPANIES |
| BANK CREDIT CARDS | JEWELRY STORES |
| DEPARTMENT STORES | HOTELS |
| FINANCE COMPANIES | MOTELS |
| FURNITURE STORES | CREDIT UNIONS |
| AUTO REPAIRS | TELEPHONE COMPANIES |
| HOSPITALS | UTILITY COMPANIES |
| MEDICAL SERVICES | REAL ESTATE MANAGEMENT COMPANIES |

To stop any further activity, _**PAY THE BALANCE IMMEDIATELY**_ or phone our office now. You have the right to inspect your
credit rating.

### IMPORTANT INFORMATION. PLEASE READ BELOW.

For proper credit to your account,
All payments must be mailed to:

**LOU HARRIS & CO.**
P.O. BOX 977
NORTHBROOK, IL  60065-0977

Matt Martin
Account Rep

16

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

--------------------------------------------------------------------------------

**PAYMENT SLIP**   Return bottom portion with your payment to ensure immediate credit in your account   **PAYMENT SLIP**

IN AN EFFORT TO HELP YOU, WE DO ACCEPT MASTERCARD, VISA, DISCOVER, AND AMERICAN EXPRESS. PLEASE COMPLETE THE FOLLOWING
INFORMATION AND RETURN TO OUR OFFICE IN THE ENCLOSED ENVELOPE. OUR OFFICE WILL PROVIDE YOU WITH A RECEIPT.

Card Number

Exp Date            Name as shown on card

CHARGE MY: (Please check one)

☐    ☐    ☐    ☐    ☐ CHECK ENCLOSED

Amount $

Signature

Date

LOU HARRIS & CO.
PO BOX 977
NORTHBROOK, IL  60065-0977
lllllllllllllllllllllllllllllllllllllll

ACCOUNT#: 181419

(847) 291-3866 • FAX (847) 291-7366    Plaintiff's Exhibit    *Lou Harris & Co.*

May 4, 2007

613 Academy Dr.
Northbrook, IL 60062-2420

**Personal & Confidential**

RETURN SERVICE REQUESTED

#BWNJHBY
#LHC1V4QA0000C3# /
||I||II|II||I||II||II||I||II||II||II||I||I||
GSCHWIND SEAN
3001 CHERRY DR
WONDER LAKE IL 60097-8601

| | |
|---|---|
| Our Client : | VETERINARY MEDICAL REF |
| ACCOUNT # : | 181757 |
| AMOUNT DUE : | $802.68 |

**THIS HAS BEEN SENT TO YOU
BY A COLLECTION AGENCY**

We have been retained by the above named creditor to handle collection of your delinquent account. We are giving you the opportunity to pay this delinquent account, either in person or by return mail.

This account is entirely in our hands, and all arrangements must be made at this office. Please contact us to make the necessary arrangements for payment.

Our collectors have been instructed to proceed within state and federal regulations to attempt collection of this debt.

## IMPORTANT INFORMATION. PLEASE READ BELOW.

**For proper credit to your account,
All payments must be mailed to:**

**LOU HARRIS & CO.
P.O. BOX 977
NORTHBROOK, IL 60065-0977**

Matt Martin
Account Rep

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

---

**PAYMENT SLIP**        Return bottom portion with your payment to ensure immediate credit to your account        **PAYMENT SLIP**

IN AN EFFORT TO HELP YOU, WE DO ACCEPT MASTERCARD, VISA, DISCOVER, AND AMERICAN EXPRESS. PLEASE COMPLETE THE FOLLOWING INFORMATION AND RETURN TO OUR OFFICE IN THE ENCLOSED ENVELOPE. OUR OFFICE WILL PROVIDE YOU WITH A RECEIPT.

Card Number

Exp Date                    Three or four numbers on your card

CHARGE MY: (Please check one)
☐ MasterCard ☐ VISA ☐ Discover ☐ American Express ☐ CHECK ENCLOSED
Amount $

Signature

Date

LOU HARRIS & CO.
PO BOX 977
NORTHBROOK, IL 60065-0977
||I||II|II||I||II||II||I||II||II||II||I||I||

ACCOUNT#: 181757

Sean Gschwind
3001 Cherry Drive
Wonder Lake, IL 60097

Plaintiff's Exhibit
# 6

May 11, 2007

Via Certified Mail – Return Receipt
Article #: 7004 2510 0007 1186 3551

Lou Harris & Co.
P.O. Box 977
Northbrook, IL 60065-0977

RE: Account #: 181757

To Whom It May Concern,

This is a request for information only, tendered without prejudice, and is not a statement, election, or waiver of status, nor an admission of liability, nor is it a refusal to pay, but a notice that your claim is being disputed in its entirety. This is a request for "validation" of this alleged debt as defined by the Fair Debt Collection Practices Act.

Be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation"; that is, competent evidence that I have some contractual obligation to pay you.

## Debt Validation Documents I Am Demanding:

1. Proof that your company either owns or has been assigned this alleged debt.
2. A copy of the original contract that has my signature on it.
3. Any and all documents detailing the accounting of this alleged debt (from inception to current date), including payments made, interest charged, fees charged, etc., showing how you calculated what you say I owe.
4. An explanation of what the money you say I owe is for.
5. Copies of any papers that show I agreed to pay what you say I owe.
6. A verification or copy of any judgment if applicable.
7. The identity of the original creditor.
8. If this alleged debt was not acquired by your company directly from the original creditor, I demand the identity of the person, entity or company who previously held this account and from whom you acquired this account.
9. Proof that the Statute of Limitations has not expired on this account.
10. Proof that you are fully licensed and bonded to collect in my state.
11. Your license numbers and Registered Agent information.

Until such time as you provide these documents, I will take the position that this presentment is erroneous. Failure to respond will be taken to mean that you have "acquiesced" and from that date forward the concept of "Estoppel by silence/acquiescence" shall prevail. Your failure to respond will work as a waiver to any and all of your claims in this matter.

At this time I will also inform you that if your offices have reported invalidated information to any credit reporting repository, including but not limited to the three major Credit Bureau's (Equifax, Experian or TransUnion), that action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent, I will not hesitate in bringing legal action against you for the following:

- Violation of the Fair Credit Reporting Act

- Violation of the Fair Debt Collection Practices Act

- Violation of the Illinois Collection Agency Act

- Defamation of Character

If your offices are able to provide the proper documentation as requested, I will require at least 30 days to investigate this information, and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request with the proper documentation as requested, within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,

Sean Gschwind

Plaintiff's Exhibit
# 6

----------------------------

Plaintiff's Exhibit
# 6

----------------------------

| **SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☑ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>HARRIS   5-15-07 |
| 1. Article Addressed to:<br><br>Lou Harris & Co.<br>PO Box 977<br>Northbrook, IL 60065-0977 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label)   7004 2510 0007 1186 3551 | |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

# THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY

Lou Harris & Co.
613 Academy Dr.
Northbrook, IL 60062
Phone: 847-291-3888
Fax:    847-291-7366

Plaintiff's Exhibit
# 7

L10

May 15, 2007

     GSCHWIND, SEAN
     3001 CHERRY DRIVE
     WONDER LAKE, IL 60097

OUR CLIENT:   IMAGING CENTER FOR ANI
ACCOUNT #:    181757
AMOUNT DUE:   802.68

AS PER YOUR REQUEST, A COPY OF YOUR BILL IS ENCLOSED. THIS IS YOUR
RESPONSIBILITY, PLEASE PAY THE BALANCE.

IMPORTANT INFORMATION. PLEASE READ BELOW.
=========================================
FOR PROPER CREDIT TO YOUR ACCOUNT,
ALL PAYMENTS MUST BE MAILED TO:>>>>>>>>>>>>>>    LOU HARRIS & CO.
=========================================    P.O. BOX 977
                                          NORTHBROOK, IL 60065

MATT MARTIN
ACCOUNT REP

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.

Plaintiff's Exhibit

Consumer Credit Report for SEAN TIMOTHY GSCHWIND # 8

| | |
|---|---|
| **File Number:** | 169245509 |
| **Page:** | 2 of 10 |
| **Date Issued:** | 08/27/2007 |

## LOU HARRIS COMPANY #181757
613 ACADEMY DR
NORTHBROOK, IL 60062-2420
(847) 291-3888

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: ACCT INFO DISPUTED BY CONSUMER
Date placed for collection: 05/2007
Estimated date that this item will be removed: 03/2014

| | |
|---|---|
| Balance: | $803 |
| Date Verified: | 07/2007 |
| Original Amount: | $803 |
| Original Creditor: | MEDI 02 IMAGING CENTER FOR ANIMALS |

Pay Status:  >COLLECTION ACCOUNT<
Account Type: OPEN ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT

Plaintiff's Exhibit
# 9

**LOU HARRIS COMPANY**
613 ACADEMY DR.
NORTHBROOK IL 60062
No phone number available
**Partial account number**
181757

Original creditor: **IMAGING CENTER FOR ANIMALS**

| | | |
|---|---|---|
| *Date opened* | *Date of status* | *Type* |
| May 2007 | Jul 2007 | Collection |
| *Reported since* | *Last reported* | *Terms* |
| Jul 2007 | Jul 2007 | 1 Months |
| | | *Monthly payment* |
| | | NA |

*Responsibility*
Individual

*Credit limit or original amount*
$803
*High balance*
NA

*Recent balance*
$803 as of
*as of*
Jul 2007

Status: Collection account.

Account history:
Collection as of Jul 2007

This account is scheduled to continue on record until Jan 2014.

Comment: *"Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)"*

This item was verified on Jul 2007 and remains unchanged.

0018408890   L-564-0939CL-0208000

(847) 291-5888 • FAX (847) 291-7366

## Lou Harris & Co.

July 10, 2007

Plaintiff's Exhibit
# 10

613 Academy Dr
Northbrook, IL 60062-2430

**Personal & Confidential**

RETURN SERVICE REQUESTED

#BWNJHBY
#LHC1TAQA000718# 16

|dl|dl|dl|dl|dl|dl|dl|dl|dl|dl|dll|dll|
GSCHWIND SEAN
3001 CHERRY DR
WONDER LAKE IL 60097-8601

| Our Client | : | IMAGING CENTER FOR ANI |
|---|---|---|
| ACCOUNT # | : | 181757 |
| AMOUNT DUE | : | $802.68 |

### THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY

## SILENCE IS GOLDEN!! DON'T YOU BELLIEVE IT!!

Your silence will probably be very costly to you.  Your credit record is being computerized and will become available nationally to some of the following credit grantors:

| | |
|---|---|
| BANKS | GOVERNMENT AGENCIES |
| AIRLINES | MORTGAGE COMPANIES |
| BANK CREDIT CARDS | JEWELRY STORES |
| DEPARTMENT STORES | HOTELS |
| FINANCE COMPANIES | MOTELS |
| FURNITURE STORES | CREDIT UNIONS |
| AUTO REPAIRS | TELEPHONE COMPANIES |
| HOSPITALS | UTILITY COMPANIES |
| MEDICAL SERVICES | REAL ESTATE MANAGEMENT COMPANIES |

To stop any further activity, *PAY THE BALANCE IMMEDIATELY* or phone our office now.  You have the right to inspect your credit rating.

## IMPORTANT INFORMATION.  PLEASE READ BELOW.

For proper credit to your account,
All payments must be mailed to:

LOU HARRIS & CO.
P.O. BOX 977
NORTHBROOK, IL 60065-0977

Matt Martin
Account Rep

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

16

---

**PAYMENT SLIP**     Return bottom portion with your payment to ensure immediate credit to your account     **PAYMENT SLIP**

IN AN EFFORT TO HELP YOU, WE DO ACCEPT MASTERCARD, VISA, DISCOVER, AND AMERICAN EXPRESS. PLEASE COMPLETE THE FOLLOWING
INFORMATION AND RETURN TO OUR OFFICE IN THE ENCLOSED ENVELOPE  OUR OFFICE WILL PROVIDE YOU WITH A RECEIPT.

Card Number

CHARGE MY: (Please check one)

☐ ☐ ☐ ☐ ☐ CHECK ENCLOSED

Exp Date          Name as shown on card

Amount $

Signature

Date

LOU HARRIS & CO.
PO BOX 977
NORTHBROOK, IL 60065-0977
|dl|dl|dl|dl|dl|dl|dl|dl|dl|dl|dll|

ACCOUNT#: 181757

Plaintiff's Exhibit
# 11

## LOU HARRIS COMPANY #184288

613 ACADEMY DR
NORTHBROOK , IL 60062-2420
(847) 291-3888

| | | | |
|---|---|---|---|
| **Balance:** | $4,118 | **Pay Status:** | >Collection Account< |
| **Date Updated:** | 01/2008 | **Account Type:** | Open Account |
| **Original Balance:** | $4,118 | **Responsibility:** | Individual Account |
| **Original Creditor:** | MED1 02 VGC EMERGENCY CRITICAL CARE | | |
| **Past Due:** | $0 | | |

Loan Type: Collection Agency Attorney
Remark: >Placed for collection<
Date placed for collection: [ 08/2007]
Estimated date that this item will be removed:   08/2014

## LOU HARRIS COMPANY #181419

613 ACADEMY DR
NORTHBROOK , IL 60062-2420
(847) 291-3888

| | | | |
|---|---|---|---|
| **Balance:** | $309 | **Pay Status:** | >Collection Account< |
| **Date Updated:** | 07/2007 | **Account Type:** | Open Account |
| **Original Balance:** | $309 | **Responsibility:** | Individual Account |
| **Original Creditor:** | MED1 02 SURGICAL REFERRAL SERVICE | | |
| **Past Due:** | $0 | | |

Loan Type: Collection Agency Attorney
Remark: Account information disputed by consumer
Date placed for collection: [ 04/2007]
Estimated date that this item will be removed:   07/2014

## LOU HARRIS COMPANY #181757

613 ACADEMY DR
NORTHBROOK , IL 60062-2420
(847) 291-3888

| | | | |
|---|---|---|---|
| **Balance:** | $803 | **Pay Status:** | >Collection Account< |
| **Date Verified:** | 07/2007 | **Account Type:** | Open Account |
| **Original Balance:** | $803 | **Responsibility:** | Individual Account |
| **Original Creditor:** | MED1 02 IMAGING CENTER FOR ANIMALS | | |
| **Past Due:** | $0 | | |

Loan Type: Collection Agency Attorney
Remark: Account information disputed by consumer
Date placed for collection: [ 05/2007]
Estimated date that this item will be removed:   03/2014

**LOU HARRIS COMPANY**

Address:
613 ACADEMY DR
NORTHBROOK, IL 60062
No phone number available
Address Identification Number:
0117161726

Account Number: 181419

Original Creditor:
SURGICAL REFERRAL SERVICE

Status: Collection account.

Status Details: This account is scheduled to continue on record until Dec 2013.

Date Opened: 04/2007
Reported Since: 03/2007
Date of Status: 06/2007
Last Reported: 06/2007
Your statement:

Type: Collection
Terms: 1 Months
Monthly Payment: $0
Responsibility: Individual

Credit Limit/Original Amount: $369
High Balance: NA
Recent Balance: $369 as of 09/2007
Recent Payment: $0

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

Account History:
Collection as of Sep 2007

---

**LOU HARRIS COMPANY**

Address:
613 ACADEMY DR
NORTHBROOK, IL 60062
No phone number available
Address Identification Number:
0117161726

Account Number: 181757

Original Creditor:
IMAGING CENTER FOR ANIMALS

Status: Collection account.

Status Details: This account is scheduled to continue on record until Jan 2014.
This item was verified on Jul 2007 and remained unchanged.

Date Opened: 05/2007
Reported Since: 07/2007
Date of Status: 07/2007
Last Reported: 07/2007
Your statement:

Type: Collection
Terms: 1 Months
Monthly Payment: $0
Responsibility: Individual

Credit Limit/Original Amount: $803
High Balance: NA
Recent Balance: $803 as of 07/2007
Recent Payment: $0

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

Account History:
Collection as of Jul 2007

---

**LOU HARRIS COMPANY**

Address:
613 ACADEMY DR
NORTHBROOK, IL 60062
No phone number available
Address Identification Number:
0117161726

Account Number: 184288

Original Creditor:
VSC EMERGENCY CRITICAL CARE

Status: Collection account.

Status Details: This account is scheduled to continue on record until Apr 2014.

Date Opened: 08/2007
Reported Since: 01/2008
Date of Status: 01/2008
Last Reported:

Type: Collection
Terms: 1 Months
Monthly Payment: $0
Responsibility:

Credit Limit/Original Amount: $4,113
High Balance: NA
Recent Balance: $4,113 as of 01/2008
Recent Payment: $0

Plaintiff's Exhibit
# 13

# Sean Gschwind

3001 Cherry Drive
Wonder Lake, IL 60097
(708) 707-8357

January 22, 2007

**Personal and Confidential**

Ms. Joann Stewart
Hospital Administrator and Registered Agent
Veterinary Specialty Center, Inc.
1515 Busch Pkwy.
Buffalo Grove, IL 60089

VIA CERTIFIED MAIL
RETURN RECEIPT

RE: Cody Gschwind

Ms. Stewart:

I am contacting you with respect to ███████████████████████ the veterinary service afforded in the treatment of my Labrador Retriever "Cody" ███████████

Redacted

Therefore I am ████████████ disputing any remaining balance your hospital alleges is owed for Cody's treatment.

Plaintiff's Exhibit
# 13

Redacted

Cordially,

Sean Gschwind

Plaintiff's Exhibit
# 13

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Ms. Susan Stewart
Hospital Administrator
Veterinary Speciality Center, Inc.
1515 Busch Pkwy.
Buffalo Grove, IL 60089

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   □ Agent
                          □ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
                                  1 23 07

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)            □ Yes

2. Article Number
(Transfer from service label)

7006 0100 0006 4726 2726

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

Sean Gschwind
3001 Cherry Drive
Wonder Lake, IL 60097

Plaintiff's Exhibit
# 14

_____

July 26, 2007

TransUnion
P.O. Box 2000
Chester, PA 19022

VIA CERTIFIED MAIL – RETURN RECEIPT
ARTICLE #7004 2510 0007 1186 3605

RE: FCRA VIOLATIONS AND ACCOUNT DISPUTES.

To Whom It May Concern:

REDACTED

Lou Harris Company. Account# 181757. This debt collector has failed to provide me with proper validation of this alleged debt as defined by the Fair Debt Collection Practices Act (FDCPA). Per the FDCPA, once a debt collector receives a timely request for validation, the debt collector may not pursue continued collection activity until it provides proper validation of the alleged debt. Since reporting to a credit bureau is considered continued collection activity, and since this debt collector is currently prohibited from pursuing collection activity of this alleged debt, this tradeline must be deleted.

REDACTED

At the conclusion of your investigation, please send an updated copy of my credit report to my current address.

REDACTED

Thank you.

Sincerely,


Sean Gschwind

Plaintiff's Exhibit
# 14

<table>
<tr><td colspan="2"><strong>SENDER: COMPLETE THIS SECTION</strong></td><td colspan="2"><strong>COMPLETE THIS SECTION ON DELIVERY</strong></td></tr>
</table>

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TransUnion
PO Box 2000
Chester, PA 19022

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                        ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

TransUnion

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

JUL 3 0 2007

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
   (Transfer)    7004 2510 0007 1186 3605

PS Form 3811, February 2004       Domestic Return Receipt        102595-02-M-1540

Plaintiff's Exhibit
# 15

Sean Gschwind
3001 Cherry Drive
Wonder Lake, IL 60097

July 25, 2007

Experian Corporation
P.O. Box 2002
Allen, TX 75013-0036

VIA CERTIFIED MAIL – RETURN RECEIPT
ARTICLE #7004 2510 0007 1186 3612

To Whom It May Concern:

I am disputing the following information/accounts in my Experian credit report:

REDACTED

LOU HARRIS COMPANY.  ACCOUNT#: 181757.  This debt collector has failed to provide me with proper validation of this alleged debt as defined by the Fair Debt Collection Practices Act (FDCPA).  Per the FDCPA, once a debt collector receives a timely request for validation, the debt collector may not pursue continued collection activity until it provides proper validation of the alleged debt.  Since reporting to a credit bureau is considered continued collection activity, and since this debt collector is currently prohibited from pursuing collection activity of this alleged debt, this tradeline must be deleted.

At the conclusion of your investigation, please send an updated copy of my credit report to my current address.

REDACTED

Thank you.

Sincerely,

Sean Gschwind

Plaintiff's Exhibit
# 15

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X     EXPERIAN     ☐ Agent   ☐ Addressee <br> 701 EXPERIAN <br> B. Received by (Printed Name)   PARKWAY C. Date of Delivery |
| 1. Article Addressed to: <br><br> Experian Corporation <br> PO Box 2002 <br> Allen, TX 75013-0056 | D. Is delivery address different from item 1?  OCT 2 2007 12 ☐ Yes <br> If YES, enter delivery address below:    ☐ No <br><br> James M. Swanson |
|  | 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. |
| 2. Article Number <br> (Transfer from service label)    7004 2510 0007 1186 3612 | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

Plaintiff's Exhibit
# 16

08/27/2007      TransUnion.

POLMHP0020044S-I00S329
SEAN TIMOTHY GSCHWIND
3001 CHERRY DR
WONDER LAKE, IL 60097

Our investigation of the dispute you submitted is now complete. The results are listed below and a new copy of your credit report is enclosed.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the name, address and telephone number of anyone we contacted for information.

Thank you for helping ensure the accuracy of your credit information.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| LOU HARRIS COMPANY | # 181757 | VERIFIED, NO CHANGE |
| ▬▬▬▬ | ▬▬▬▬ | ▬▬▬▬ |
| ▬▬▬▬ | ▬▬▬▬ | ▬▬▬▬ |

Any corrections to your identification requested by you have been made, and are included in the following credit report.

Plaintiff's Exhibit
# 17



# experian

**Prepared for**
SEAN TIMOTHY GSCHWIND
Report number
1240690364

**Report date**
August 07, 2007
www.experian.com/disputes
Call 800 505 8495

**Page 1 of 2**

Dear SEAN TIMOTHY GSCHWIND,

We are responding to your request to verify item(s) on your personal credit report. We have already investigated this information and the credit grantor has verified its accuracy. Please refer to the personal credit report you received for the name, phone number, and address of the credit grantor who verified this information. If you still believe the item is inaccurate, then we can add a statement of continued dispute to your personal credit report at your request, or you may wish to contact the credit grantor directly to resolve your issue. If you have **additional relevant information** (anything new that has occurred

between you and the credit grantor or course that should result in a change to the information appearing on your credit report, such as a letter from the creditor, a cancelled check or money order, billing statement, contact name of the credit grantor, letter from the IRS, proof from a court or county reporter, proof that a bankruptcy was dismissed or discharged, etc.), that was not presented when you previously disputed the information, you may mail it to us and we will reinvestigate your claim. Potentially negative information, such as missed or are payments and most public record items remain on the credit report for 7 years, with the exception of Chapters 7, 11 and 12 bankruptcies, which remain for 10 years and unpaid tax liens which remain for up to 15 years

Sincerely,

LOU HARRIS COMPANY
18....

Experian
NCAC
PO BOX 970
Allen TX 75013

+++++++++++++++MIXED AADC 683
00192:2 1 MB 0.360 L 555
SEAN TIMOTHY GSCHWIND
3001 CHERRY DR
WONDER LAKE IL 68097-8601



## Detail for Sean T Gschwind: 708-707-8357

## Voice, continued

Plaintiff's Exhibit
# 18

Redacted

| 5/10 | 6:24P | 847-791-3956 | Peak | Plan/Allow | | Woodstock IL | Incoming CL | 1 | — | — | — |
|---|---|---|---|---|---|---|---|---|---|---|---|

Redacted

# Allstate Indemnity Company

Policy Number:  9 11 499681 06/17      Your Agent:   Barry Cianclarulo  (847) 742-8650
For Premium Period Beginning:   June 17, 2006

# Important Notice

Plaintiff's Exhibit
# 19

## *Important Information about Your Credit-Based Insurance Score* — X67419-1

Thank you for choosing Allstate Indemnity Company.

Please take a moment to read the notice in this mailing that contains important information about our use of credit and your rights under the Fair Credit Reporting Act. In that notice, we explain why we order credit reports. We also explain how important it is for you to check the accuracy of your credit information.

We want you to be aware that certain factors in your credit report(s) adversely affected your credit-based insurance score, and impacted our decision described on the Fair Credit Reporting Act notice immediately following this insert. The most significant of these factors are:

The presence of a delinquency on an account within the past five years: We consider payments that were more than 30 days late to be delinquencies. Even if the delinquency was later paid off, or if it is on an account that has since been closed, we still consider the delinquency when determining an insurance score. Generally, the more delinquencies you have on your credit report, the greater the effect it will have on your insurance score. Avoiding future delinquencies may benefit your insurance score.